UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
:
JEFFREY HAMMER,                           :       05 Civ. 4137 (RJH)
                Plaintiff    :
:
:       **MEMORANDUM**
      -against-                         :       **OPINION AND ORDER**
:
THE SUPREME COURT OF THE UNITED :
STATES,                                    :
                Defendant    :
---------------------------------------------------------------x

*Pro se* plaintiff Jeffrey Hammer initiated this action on April 25, 2005 seeking a writ of mandamus pursuant to 28 U.S.C. § 1361 to compel the Supreme Court of the United States to grant his petition for a writ of *certiorari*, which was previously denied without comment.[1] On July 10, 2005, the plaintiff filed a motion for a preliminary injunction seeking "to compel the United States Supreme Court to grant *certiorari* and to hear this matter at the earliest possible time."

At the outset, the Court has an "independent obligation" to address the propriety of exercising subject matter jurisdiction over an action, *FW/PBS, Inc. v. City of Dallas,* 493 U.S. 215, 231 (U.S. 1990), particularly where issues of sovereign immunity arise. *Dotson v. Griesa*, 398 F.3d 156, 177 (2d Cir. 2005) (remarking that "[b]ecause a finding

---

[1] Plaintiff sought *certioari* with respect to an order of the Second Circuit Court of Appeals dated March 23, 2004 (Case No. 03-9308) granting appellees motion to dismiss Hammer's appeal for lack of jurisdiction. The petition for a writ of *certioari* was denied without comment on January 10, 2005. *Hammer v. Amazon.com,* 125 S.Ct. 917 (U.S. 2005). On January 18, 2005, plaintiff filed a petition for rehearing which was again denied without comment on February 22, 2005. *Hammer v. Amazon.com,* 125 S.Ct. 1379 (U.S. 2005).
      While it is unclear what relief Hammer seeks in the present action, the Court shall liberally construe his *pro se* complaint. *Soto v. Walker,* 44 F.3d 169, 173 (2d Cir. 1995). In his handwritten complaint, Hammer requests that the "U.S. Supreme Court grant 'Certiorari' to Docket #'s 04-7272 and 04-8586, and 'expand' the '1999 Anti-Cyber Squatting Consumer Protection Act,' to include 'real cyber pyracy' as committed against plaintiff by Amazon.com." (Plaintiff's Compl. at 10.) Accordingly, the Court shall interpret Hammer's pleadings as a request for a writ of mandamus compelling the Supreme Court to grant his previously denied petition for writ of *certiorari*.

of sovereign immunity would deprive this court of subject matter jurisdiction, we address that question first.") (citing cases). The Federal Government, of which the Supreme Court is a branch, is entitled to sovereign immunity. *Loeffler v. Frank,* 486 U.S. 549, 554 (U.S. 1988) (citing *United States v. Sherwood,* 312 U.S. 584, 586 (U.S. 1941)); *Up State Federal Credit Union v. Walker,* 198 F.3d 372, 374 (2d. Cir. 1999) ("It is well established that in any suit in which the United States is a defendant, a waiver of sovereign immunity with respect to the claim asserted is a prerequisite to subject matter jurisdiction"). As the Court does not discern any waiver embodied in the Constitution or the laws of Congress, the Supreme Court remains immune from suit. *Cook v. Supreme Court of the United States,* 1994 U.S. Dist. LEXIS 7192, at *1 (E.D. Pa. May 13, 1994) (internal citations omitted) (dismissing *pro se* plaintiff's action against the Supreme Court based on sovereign immunity); *see also Muzzi v. United States Supreme Court, et al.,* No. 02 Civ. 2017, 2002 WL 31324140, at *2 (E.D. La. Oct. 16, 2002) (same). Accordingly, the Court lacks subject matter jurisdiction over Hammer's claims seeking to compel the Supreme Court to grant his petition for a writ of *certiorari*.

The Court further notes that dismissal of plaintiff's claims would be appropriate on other grounds. First, with respect to plaintiff's request for a writ of mandamus, such relief is inappropriate since "no other court may compel action of the Supreme Court." *Tillman v. United States Supreme Court,* 979 F.2d 248 (D.C. Cir. 1992) (unpublished opinion) (citing cases). Second, with respect to plaintiff's request that the Supreme Court "expand" the parameters of federal cybersquatting law, the Court finds no legal theory under which plaintiff would be entitled to such relief. *See Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990) (noting that "[d]ismissal can be based on

the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory" under Rule 12(b)(6)); *Rice v. U.S. Supreme Court*, 2003 WL 22999539, No. 03 Civ. 55821 (CRB), at *2 (N.D. Cal. 2003) (dismissing *pro se* plaintiff's claims against the Supreme Court with prejudice because they were so "unsubstantial as to be devoid of merit").

With respect to Hammer's claim for damages against Amazon.com, the Court observes that Hammer has already been advised, "Courts may not issue an order against a nonparty." *See Hammer v. Trendl*, No. 02 Civ. 2462 (ADS), 2003 WL 21466686, at *4 (E.D.N.Y. Jan. 18, 2003) (citing *United States v. Paccione*, 964 F.2d 1269, 1275 (2d Cir. 1992)).

The complaint is dismissed in its entirety with prejudice. Hammer's motion for a preliminary injunction is denied as moot. The Clerk of the Court shall close this case.

SO ORDERED

Dated: New York, New York
August 11, 2005

_____
Richard J. Holwell
United States District Judge